UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                            8:08-CR-23

ANTHONY VISERTO,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Defendant Anthony Viserto moves to suppress evidence and to dismiss the Indictment on the ground of a selective/vindictive prosecution. This motion was filed *pro se*. The basis for Defendant's motion is that he was brought up on state charges and that his parole officer, displeased with the outcome of the state charges, referred the matter for federal prosecution. Defendant also claims that the prosecutor was vindictive because he superceded the indictment with an Armed Career Criminal Act enhancement. Defendant also asserts a litany of allegations concerning his Parole Officer Mendoza.

       Defendant's motion must be denied because he fails to point to any evidence giving rise to an inference or presumption or otherwise suggesting discrimination or vindictiveness on the part of the United States Attorney's Office. See United States v. White, 972 F.2d 16, 19 (2d Cir. 1992). Defendant's claims (all of which are based on information and belief and no actual evidence) all pertain to his state parole officer; not the federal prosecutor. There is no basis for imputing any improper motive of the state parole officer to federal prosecutors. In any event, the facts demonstrate that the state charges were

dismissed in favor of pursuing the federal charges.  See Def.'s Ex. C (""[T]he People move as noted above and further move to dismiss the charges based upon the Federal Indictment.").  Thus, there is insufficient evidence that the federal charges were in retaliation for the outcome of the state charges.  There is no basis upon which the Court can conclude that the prosecutor included the Armed Career Criminal Act enhancement in the superceding indictment for any improper or unlawful reason.

The motion to suppress is denied for the reasons stated in the Court's prior decision dated October 30, 2008.

For the foregoing reasons, Defendant's motion to suppress evidence and to dismiss the Superceding Indictment is DENIED.

IT IS SO ORDERED.

Dated: January 21, 2009

Thomas J. McAvoy
Senior, U.S. District Judge